UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA JOSE MENDOZA PETIT, | § | |
| *Petitioner* | § | |
| | § | |
| v. | § | Case No.  SA-25-CA-01840-XR |
| | § | |
| TODD M. LYONS, ACTING DIRECTOR | § | |
| OF US ICE; MIGUEL VERGARA, SAN | § | |
| ANTONIO FIELD OFFICE DIRECTOR, | | |
| US IMMIGRATION AND CUSTOMS | | |
| ENFORCEMENT;      DAREN      K. | | |
| MARGOLIN,  DIRECTOR   OF   THE | | |
| EXECUTIVE        OFFICE        FOR | | |
| IMMIGRATION      REVIEW;      AND | | |
| WARDEN,  DILLEY   IMMIGRATION | | |
| PROCESSING CENTER, | | |
| *Respondents* | | |

## ORDER GRANTING WRIT OF HABEAS CORPUS

On this date, the Court considered Maria Jose Mendoza Petit's Petition for a Writ of Habeas

Corpus (ECF No. 1) and the Government's response (ECF No. 4). After careful consideration, the

petition (ECF No. 1) is **GRANTED**.

## BACKGROUND

### I. Petitioner's Entry, Release, and Re-Detention

Petitioner (A243142196) is a citizen of Venezuela who entered the United States without

inspection in October 2022. ECF No. 4 at 1. Immigration agents arrested her shortly after her entry.

*Id*. These agents determined Petitioner to be inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i)

because she was an alien present in the United States without being admitted or paroled. *See* ECF

No. 4 at 2. They then released Petitioner on her own recognizance. ECF No. 1 at 4.

Petitioner had resided in Texas for over three years when Immigration and Customs

Enforcement ("ICE") rearrested her at a routine check-in on October 15, 2025. *Id.*

1

## II. Arguments

Petitioner filed this habeas petition challenging her detention without a bond hearing. She makes two main arguments. First, she contends that her detention without a bond hearing violates due process. Second, she argues that 8 U.S.C. § 1225(b)(2) does not permit her detention.

But Respondents claim detention authority under § 1225(b)(1), not (b)(2). ECF No. 4 at 2. § 1225(b)(1) identifies aliens subject to expedited removal: certain "arriving" aliens and certain aliens who have not "been physically present in the United States continuously for the 2-year period immediately prior to the date" that they were determined inadmissible under § 1225(b)(1). The subsection further requires mandatory detention for a subset of those aliens. *See* § 1225(b)(1)(B)(ii), (iii)(IV).

That said, Petitioner is not wrong to anticipate Respondents' assertion of § 1225(b)(2). Respondents have relied on this authority in several nearly identical cases before this Court. *See, e.g.*, *Urquiza-Orozco v. Bondi et al.*, No. 5:25-cv-01428-XR (W.D. Tex. Nov. 20, 2025); *Vega v. Thompson et al.*, No. 5:25-cv-01439-XR (W.D. Tex. Nov. 21, 2025). And Respondents assert here that "[e]ven if this Court were to order [Petitioner's] release from custody, she would be subject to re-arrest as an alien present within the United States without having been admitted." ECF No. 4 at 2. The Court understands this to be a reference to arrest and detention under § 1225(b)(2). So both § 1225(b)(1) and (b)(2) have been raised.

The statutory question is thus whether § 1225(b)(1) or (b)(2) apply to Petitioner. If they do not, then Respondents may only detain Petitioner under § 1226(a). This authority entitles Petitioner to a bond hearing. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025).

**LEGAL STANDARD**

A habeas petitioner must show they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) and citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" *Id.* (quoting 28 U.S.C. § 2243).

**DISCUSSION**

Petitioner claims that Respondents lack statutory authority to detain her without a bond hearing and are depriving her of due process by doing so. *See* ECF No. 1. Because the Court agrees with Petitioner's statutory argument, it need not address her constitutional one.

**III. This Court Has Jurisdiction**

Respondents cite three statutory provisions that purportedly strip this Court of jurisdiction. None do so.

**A. 8 U.S.C. § 1225(b)(4) Does Not Preclude Jurisdiction**

Respondents first argue that § 1225(b)(4) requires that Petitioner's challenge "be raised before an immigration judge in removal proceedings." ECF No 5 at 7. That provision states:

> The decision of the examining immigration officer, if favorable to the admission of any alien, shall be subject to challenge by any other immigration officer and such challenge shall operate to take the alien whose privilege to be admitted is so challenged, before an immigration judge for a proceeding under § 1229a of this title.

8 U.S.C. § 1225(b)(4). It is unclear how Respondents conclude from this that judicial review for Petitioner is available only through the court of appeals following a final administrative order of

3

removal. Respondents themselves argue that Petitioner is an "applicant for admission." ECF No. 4 at 4 ("Petitioner cannot plausibly argue that she is not an applicant for admission"). So there has not been a "decision . . . favorable to the admission" of Petitioner. *See* § 1225(b)(4). Thus, § 1225(b)(4) does not apply.

### B. 8 U.S.C. § 1252(g) Does Not Preclude Jurisdiction

Respondents next claim that § 1252(g) deprives the Court of jurisdiction. That subsection provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

But § 1252(g) "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original). It "does not bar courts from reviewing an alien detention order, because such an order, while intimately related to efforts to deport, is not itself a decision to execute removal orders and thus does not implicate [S]ection 1252(g)." *Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at *3 (W.D. Tex. Oct. 2, 2025) (cleaned up) (quoting *Cardoso v. Reno*, 216 F.3d 512, 516–17 (5th Cir. 2000)).

Here, Petitioner "does not challenge a decision to commence removal proceedings, adjudicate a case against [her], or execute a removal order. . . . [Sh]e challenges the decision to detain [her]." *Guevara v. Swearingen*, No. 25 C 12549, 2025 WL 3158151, at *2 (N.D. Ill. Nov. 12, 2025). So § 1252(g) does not divest the Court of jurisdiction.

### C. 8 U.S.C. § 1252(b)(9) Does Not Preclude Jurisdiction

Respondents finally argue that 8 U.S.C. § 1252(b)(9) precludes jurisdiction. § 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus . . . , or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

But once again, this provision "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (cleaned up). It does not "'sweep within its scope claims with only a remote or attenuated connection to the removal of an alien'. . . [or] preclude review of claims that 'cannot be raised efficaciously within the administrative proceedings' already available." *Duron v. Johnson*, 898 F.3d 644, 647 (5th Cir. 2018) (quoting *Aguilar v. I.C.E.*, 510 F.3d 1, 9 (1st Cir. 2007)). Finally, it applies only "[w]ith respect to review of an order of removal." 8 U.S.C. § 1252(b); *accord Ozturk v. Hyde*, 136 F.4th 382, 399 (2d Cir. 2025); *Canal A Media Holding, LLC v. U.S. Citizenship & Immigr. Servs.*, 964 F.3d 1250, 1257 (11th Cir. 2020); *Hernandez v. Baltazar*, No. 1:25-CV-03094-CNS, 2025 WL 2996643, at *2 (D. Colo. Oct. 24, 2025).

Applied to this case, there are at least two bases on which to reject the argument that § 1252(b)(9) precludes jurisdiction. First, Petitioner claims that Respondents lack "legal authority to subject [her] to mandatory detention under § 1225 instead of detention with a bond hearing under § 1226(a)." *Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *3 (S.D. Cal. Nov. 4, 2025). She does *not* seek review of "an order of removal, the decision to seek removal, or the process by which removability will be determined." *Id.*; *Aguilar*, 510 F.3d at 11 (discussing

5

legislative history indicating that § 1252(b)(9) does not preclude claims "independent" of removal, including "habeas review over challenges to detention"). So § 1252(b)(9) "does not present a jurisdictional bar" here. *See Regents of the Univ. of Cal.*, 591 U.S. at 19.

Second, Petitioner cannot "efficaciously" raise her claims "'within the administrative proceedings' already available." *Duron*, 898 F.3d 647. The core of this dispute is whether Respondents can detain Petitioner without a bond hearing—that is, with no administrative opportunity to contest her detention. If § 1252(b)(9) precluded this habeas petition, Petitioner's detention would be "effectively unreviewable." *Jennings v. Rodriguez*, 583 U.S. 281, 293 (2018) (plurality). "By the time a final order of removal was eventually entered, the allegedly [illegal] detention would have already taken place. And of course, it is possible that no such order would ever be entered in a particular case, depriving that detainee of any meaningful chance for judicial review." *Id.*

The Court has jurisdiction.

## IV. Petitioner's Detention Is an Unlawful Application of 8 U.S.C. § 1225(b)

Moving to the merits, the question is whether Respondents may detain Petitioner without a bond hearing under § 1225(b). They may not.

### A. § 1225(b)(1) Does Not Apply

Respondents primarily argue that Petitioner is detained under 8 U.S.C. § 1225(b)(1)(A)(iii). ECF No. 4 at 3. This provision allows expedited removal of certain aliens who have not "been physically present in the United States continuously for the 2-year period immediately prior to the date" that they were determined inadmissible under § 1225(b)(1). § 1225(b)(1) specifies two grounds for inadmissibility: § 1182(a)(6)(C) and § 1182(a)(7).

In sum, the authority that Respondents rely on can only apply here if Petitioner was determined inadmissible under § 1182(a)(6)(C) or (a)(7) within two years of entering the country.

6

But Respondents have not determined that Petitioner was inadmissible under § 1182(a)(6)(C) or (a)(7). *See* ECF No. 4 at 2 (determining that Petitioner was inadmissible under § 1182(a)(6)(A)(i) because she entered without inspection). Nor can Respondents make that determination now to assert § 1225(b)(1): Petitioner entered the country more than two years ago. So § 1225(b)(1)(A)(iii) cannot apply to Petitioner.

Besides, § 1225(b)(1) requires detention of certain aliens undergoing *expedited* removal proceedings.  8 U.S.C. § 1225(b)(1), (b)(1)(B)(ii), (b)(1)(B)(iii)(IV). But Respondents admit that Petitioner is currently in "full" removal proceedings under 8 U.S.C. § 1229a.  ECF No. 4 at 3. Respondents have conceded in other cases that an alien cannot simultaneously be in both full and expedited removal proceedings.  *Patel v. Tindall*, No. 3:25-CV-373-RGJ, 2025 WL 2823607, at *5 (W.D. Ky. Oct. 3, 2025) (collecting cases).  In short, even if § 1225(b)(1) could—as a general matter—apply to Petitioner, she is not currently subject to expedited removal proceedings and thus is not subject to § 1225(b)(1)'s detention provisions. Respondents cannot detain Petitioner in connection with expedited removal proceedings that do not exist.

For those reasons, Respondents may not detain Petitioner under § 1225(b)(1).

**B. § 1225(b)(2) Does Not Apply**

The remaining statutory question is whether § 1225(b)(2) applies to all aliens who, like Petitioner, are already in the country but entered without inspection. If so, § 1225(b)(2) makes Petitioner's detention mandatory.  If not, § 1226(a) applies, Petitioner's detention is discretionary, and she is entitled to a bond hearing if she remains detained.  *See, e.g.*, *Belsai D.S.*, 2025 WL 2802947, at *5.

This is not the first case to present this issue; in recent months, courts all over the country have rejected Respondents' broad interpretation of § 1225(b)(2). *See, e.g.*, *Mboup v. Field Off. Dir. of N.J. Immigr. & Customs Enf't*, No. 2:25-CV-16882 (MEF), 2025 WL 3062791, at *1 &

7

n.3 (D.N.J. Nov. 3, 2025) (collecting cases); *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (same).  This Court does the same.

Opinions rejecting Respondents' interpretation rely on several rationales, from statutory language and context to legislative history and longstanding agency practice.  *Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases).  The Court finds those opinions generally persuasive and will not restate every rationale therein. *See Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025) ("The court need not repeat the 'well-reasoned analyses' contained in these opinions and instead simply notes its agreement.").  Instead, it will focus on the two factors most commanding against the broad interpretation: § 1225(b)(2)'s plain language and the Supreme Court's interpretation of the relevant statutes.

1. **§ 1225's Language Does Not Apply to Petitioner**

To start, § 1225(b)(2)'s language is clear.  It states, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for" removal proceedings.  8 U.S.C. § 1225(b)(2)(A).  In other words, § 1225(b)(2) requires detention if three conditions are met:

(1) the alien is an "applicant for admission";

(2) the alien is "seeking admission"; and

(3) an "examining immigration officer determines" the alien "is not clearly and beyond a doubt entitled to be admitted."

*Id.*; *see, e.g.*, *Lopez Benitez v. Francis*, No. 25 CIV. 5937 (DEH), 2025 WL 2371588, at *6 (S.D.N.Y. Aug. 13, 2025).

8

Here, the first condition is met. The term "applicant for admission" includes an alien "present in the United States who has not been admitted." 8 U.S.C. § 1225(a)(1). "The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A). Because Petitioner is present in the United States and has not "lawful[ly] ent[ered] . . . after inspection and authorization by an immigration officer," she is an "applicant for admission." *Id.* §§ 1101(a)(13)(A); 1225(a)(1).

But at the time of Petitioner's re-detention, she was not "seeking admission." Again, admission refers to "lawful entry . . . into the United States after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A). When ICE detained her in 2025, Petitioner was not seeking entry, much less "lawful entry . . . after inspection and authorization." *See Martinez v. Mukasey*, 519 F.3d 532, 544 (5th Cir. 2008), *as amended* (June 5, 2008) ("Under th[e] statutory definition, 'admission' is the lawful *entry* of an alien after inspection, something quite different, obviously, from post-entry adjustment of status." (Emphasis in original)); *Lopez Benitez*, 2025 WL 2371588, at *6 (noting that Respondents' interpretation "would render the phrase 'seeking admission' in [Section] 1225(b)(2)(A) mere surplusage"). Because Petitioner is not "seeking admission," ICE may not detain her under § 1225(b)(2).

### *2.* § 1226 Applies to Petitioner According to *Jennings*

If that were not enough, the Supreme Court recently discussed the relationship between § 1225 and § 1226: "In sum, U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under § 1226(a) and (c)." *Jennings*, 583 U.S. at 289.

9

The Court clarified how these provisions applied to different categories of aliens: "§ 1226 applies to aliens already present in the United States." *Id*. at 303. On the other hand, "the language of §§ 1225(b)(1) and (b)(2) is quite clear": "§ 1225(b) applies primarily to aliens seeking entry into the United States ('applicants for admission' in the language of the statute)." *Id*. at 297, 303.

Respondents may argue that this *Jennings* language is dicta. Even if it is, courts in the Fifth Circuit "are generally bound by Supreme Court dicta, especially when it is recent and detailed." *McRorey v. Garland*, 99 F.4th 831, 837 (5th Cir. 2024) (quoting *Hollis v. Lynch*, 827 F.3d 436, 448 (5th Cir. 2016)). So § 1225(b)(2) applies to aliens "seeking admission," and § 1226 applies to aliens "already in the country."

Respondents may not detain Petitioner pursuant to § 1225(b)(2).

## V. Appropriate Remedy

Because Petitioner cannot be detained under § 1225(b), the remaining option is § 1226. Respondents do not claim that Petitioner's current detention is under § 1226. In fact, they assert that the only relief available to her is release from custody. ECF No. 4 at 2. As such, "the Court sees no reason to consider" § 1226 as a basis for Petitioner's current detention. *See Martinez v. Hyde*, 792 F. Supp. 3d 211, 223 n.23 (D. Mass. 2025). Her detention is unlawful, and habeas relief is proper.

## VI. Attorney Fees

Petitioner requests attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). Because fees under this law are not available in habeas corpus proceedings like this one, that request is denied. *Barco v. Witte*, 65 F.4th 782. (5th Cir. 2023).

### CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED**. It is **ORDERED** that:

1.      Respondents shall **RELEASE** Petitioner (A243142196) from custody, under conditions of release no more restrictive than those in place before the detention at issue in this case, to a public place by **no later than 12:00 p.m. on January 9, 2026.**

2.      Respondents shall **NOTIFY** Petitioner's counsel by email (joseph@jkmlaw.cc) of the time and place of Petitioner's release as soon as possible and **no less than two hours before his release;**

3.      If Petitioner is re-detained under to Section 1226, all applicable procedures must be followed, including that he be afforded a bond hearing; and

4.      Respondents shall **FILE** a Status Report **no later than 5:00 p.m. January 12, 2026**, confirming that Petitioner has been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

A final judgment will issue separately.

It is so **ORDERED**.

**SIGNED** this 6th day of January 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE